# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 5:20-mj-00011 |
| v. | (SAPORITO, M.J.) |
| EDGAR MENDOZA, | |
| Defendant. | |

## **MEMORANDUM**

This matter is before the court on the motion for review of detention order (Doc. 19) filed by the defendant, Edgar Mendoza. On February 20, 2020, Mendoza appeared before the undersigned United States Magistrate Judge for an initial appearance. At that time, Mendoza waived his right to a detention hearing but reserved his right to petition the court for a detention hearing once a suitable release plan was formulated. Thereafter, upon the filing of a motion for release (Doc. 14), we conducted a detention hearing on March 11, 2020. After the hearing, we ordered that Mendoza be detained pending trial, and he has been in custody since. (Doc. 18).

Mendoza now asks that we reconsider our order and assigns two reasons in support as follows: (1) for the tax year 2019, he resided and

worked in Houston, Texas and earned $30,000 of taxable income pursuant to a redacted Form 1099 which is attached to his motion (Doc. 19-1); and (2) the risks of being confined in a large group during the COVID-19 global pandemic justify a release, if only temporary. In his motion, Mendoza attached a certificate of non-concurrence (Doc. 19, at 4) certifying that the assigned assistant United States attorney does not concur in his motion. Mendoza filed a brief in support of his motion (Doc. 20), and his counsel filed a notice of non-resolution (Doc. 22). In the notice of non-resolution, defense counsel states that the issue of release was not resolved and that an in-court hearing is not necessary. The government has filed a brief in opposition to the defendant's motion (Doc. 24).

I. *Statement of Facts*

Mendoza is charged in a complaint supported by an affidavit with knowingly distributing and possessing with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). If convicted, he faces a maximum term of imprisonment of greater than 10 years. At the

detention hearing held on March 11, 2020, the parties agreed that the presumption under 18 U.S.C. § 3142(e)(3) applied.[1] The Government proffered that Mendoza was part of a conspiracy that imported substantial quantities of methamphetamine into the Middle District for distribution. We found that the defendant did not introduce sufficient evidence to rebut the presumption and no combination of conditions would ensure Mendoza's appearance at trial and the safety of the community. Therefore, his detention was ordered.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, we concluded that Mendoza be detained pending trial because the government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person in the community. We found that the government proved by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Mendoza's appearance as required. We also found that Mendoza did not produce that quantum of evidence

---

[1] The rebuttable presumption in 18 U.S.C. § 3142(e)(3) reflects a Congressional finding that drug trafficking is a danger to the community and drug traffickers pose special flight risks.

necessary to overcome the presumption. In addition to the findings made on the record at the hearing, the reasons for detention included the following: the weight of evidence against the defendant is strong; he is subject to a lengthy period of incarceration if convicted; his lack of stable employment; and his lack of significant community or family ties to this district.

In his motion for review of detention order, Mendoza contends that we concluded that, because of a lack of credible evidence regarding Mendoza's stated proffered employment, he had not rebutted the presumption that detention was necessary to assure his appearance and to protect the community. Further, Mendoza seeks reconsideration of our order of detention, if only temporarily, due to the risks associated with being confined in a large group during the COVID-19 global pandemic. For the reasons discussed herein, we will deny Mendoza's motion.

## II. Discussion

### a. Employment Status

In his brief, Mendoza reargues much of the same evidence which he proffered at the detention hearing, i.e., that: he is a 28 year old United States citizen with a limited criminal record; if released, he would live

4

with his brother, Hexon Padilla, in Houston, Texas, who is also willing to act as Mendoza's third-party custodian; Padilla works full-time, has no criminal history, and will be able to secure employment for Mendoza if he is released; Mendoza has strong family ties with the Houston community where he has lived for the past eight years; his girlfriend of 5 years resides in Houston and she is expecting to give birth to his child; Mendoza has a strong, almost uninterrupted work history starting with Lone Star Staffing agency, JF Body and Paint Shop, Jetall Company, Dollar Tree, and other manufacturing/shipping positions; Mendoza has an HVAC certification which allowed him to use his skills during his five years of employment as a maintenance engineer for Jetall Company, and since his layoff from that position in 2019, Mendoza worked as an independent contractor for a masonry company for the remainder of the year; if released, Mendoza will seek/maintain full-time employment; and he was arrested without incident, he is not a danger to the community, he has no history of violence, and he is amenable to the imposition of conditions of release that are deemed appropriate, including house arrest with electronic monitoring.

At the hearing, when asked about his 2019 employment with Jetall Company, Mendoza amended his proffer by stating that his employment ended in January 2019, and that he worked for a company "under the table" thereafter. In his motion, he attached a redacted Form 1099 which states that in calendar year 2019 he resided in Houston, Texas, worked for an unnamed Houston, Texas company, and earned $30,000 of taxable income. We are not persuaded by this additional submission. A review of the Form 1099 does not state the name of the employer, only the employer's address. For all those reasons, the Form 1099 submission does not persuade us to reconsider our detention order nor do we find that it overcomes the presumption in the Bail Reform Act.

### b. *COVID-19 Global Pandemic*

In addition, Mendoza contends that we should reconsider our order of detention, if only temporarily, because of the risks associated with him being confined at the Lackawanna County Prison (LCP) in a large group during the COVID-19 global pandemic. He seeks release under 18 U.S.C. § 3142(i) which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer

determines such release to be necessary for preparation of the person's defense or another compelling reason.

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[2] We are also cognizant that the President of the United States has declared a national emergency and that the Governor of the Commonwealth of Pennsylvania[3] has also declared a state of emergency to address the needs of the nation and the Commonwealth respectively. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash and/or sanitize frequently, and to avoid close contact with others—all of which presents

---

[2] World Health Organization, "WHO characterized COVID-19 as a pandemic" March 25, 2020, available at https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen

[3] Governor Thomas Wolf ordered all non-essential business in the Commonwealth to close on March 20, 2020, and he extended the closure of non-essential businesses and schools "indefinitely" to slow the progression of the pandemic. "Gov. Wolf and Sec. of Health Expand 'Stay at Home' Order to Carbon, Cumberland, Dauphin and Schuylkill Counties, Extend School Closures Indefinitely," March 30, 2020, available at https://www.governor.pa.gov/newsroom/gov-wolf-and-sec-of-health-expand-stay-at-home-order-to-carbon-cumberland-dauphin-and-schuylkill-counties-extend-school-closures-indefinitely/

challenges in detention facilities. *See United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 *2 (D. Md. Mar. 17, 2020). However, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 *3 (D. Kan., Mar. 25, 2020). We must make an individualized determination as to whether COVID-19 concerns are compelling in a particular case to justify temporary release under § 3142(i). *Id.* Mendoza has not alleged that he suffers from any condition which increases his risks from exposure to the COVID-19 virus. Rather, in his brief in support of his motion, he argues that despite his relatively young age and good health, "[h]e is at a heightened risk of contracting Covid-19 due to his pretrial detention at the [LCP]." (Doc. 20, at 10).

Attached as an exhibit (Doc. 24-1) to the Government's brief is a memorandum from Timothy M. Betti, Warden dated March 13, 2020, addressed to the LCP staff. In the memorandum, Warden Betti itemized new procedures which the prison will begin implementing designed to

prevent the introduction of the COVID-19 virus into the facility.[4] In addition, Warden Betti further stated that as of March 13, 2020, there are no known cases of the COVID-19 virus or its associated illnesses by the staff or the inmates. Nevertheless, in a telephone conference initiated by Government counsel with the court and defense counsel on April 2, 2020, we were informed by Government counsel of a report that a LCP guard has recently tested positive for the COVID-19 virus; however, to the best of Government counsel's knowledge and information, the guard did <u>not</u> have any prior contact with Mendoza or any other federal prisoner housed at the prison.[5] In addition, Government counsel stated that the Government's position does not change by this new report. While the court remains sympathetic to Mendoza's allegations regarding the possible complications caused by the COVID-19 virus "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859 *3

---

[4] Also attached to the Government's brief is a supplemental memorandum from Warden Betti to the LCP staff dated March 20, 2020 (Doc. 24-2), which sets forth the implementation of body temperature screening checks for all employees and lawyers for inmates as they enter the facility.

[5] Government counsel stated that he received this information from the United States Marshals Service.

(W.D. Pa. Mar. 30, 2020). Thus, we are simply left to speculate whether Mendoza's continued incarceration would likely increase his risk of harm.

Lastly, Mendoza raises general concerns about counsel being able to communicate with him while he remains incarcerated at the LCP. In his memorandum of March 13, 2020, to the staff, Warden Betti announced plans to allow lawyers to meet with their clients in a visitation room separated by glass unless written permission is granted by the Warden or Deputy Warden to conduct an in-person meeting. Further, the court is confident that the LCP will respect the privileged nature of the communications between attorneys and their clients as nothing to the contrary has been brought to our attention to cause us concern. Our court has temporarily continued all in-court proceedings through May 12, 2020, which lessens a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. *See* General Order 20-01.

### III. *Conclusion*

For all of reasons set forth above, Mendoza has failed to rebut the presumption of detention, and further he is not entitled to a

reconsideration of our order of detention under 18 U.S.C. § 3142(i). Therefore, his motion is denied.

An appropriate order follows.

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: April 3, 2020